# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LARRY W. RADER, | Case No. 19-CV-1275 (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| ALLY FINANCIAL, INC., | |
| Defendant. | |

The Court has received the January 30, 2020 Report and Recommendation of United States Magistrate Judge Tony N. Leung. [ECF No. 102 ("R&R").] The R&R recommends dismissing the matter because the Court lacks subject-matter jurisdiction and denying all other motions as moot. Plaintiff Larry W. Rader filed an objection to the R&R. [ECF No. 110.] The defendant, Ally Financial, Inc. ("Ally"), responded to the objection. [ECF No. 111.] Rader then filed what he labeled a "reply" to Ally's response. [ECF Nos. 113–14.]

The local rules do not permit Rader to submit a reply brief on an objection to an R&R. *See* D. Minn. LR 72.2(b). The Court therefore does not consider his reply when reviewing the R&R. *See, e.g.*, *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856 (8th Cir. 2010) ("[D]istrict courts have broad discretion to manage their dockets and address particular circumstances by enforcing local rules[.]").

Rader raises two arguments in his objection. First, he argues that Judge Leung did not have the statutory authority to issue a binding order on a dispositive motion. As the R&R clearly explains, Judge Leung did not issue a binding order. (R&R at 29 ("This Report and Recommendation is not an order or judgment of the District Court[.]").) The R&R is a "proposed finding[] and recommendation[]" that the district judge "may accept, reject or modify[.]" D. Minn. LR 72.2(b)(1), (b)(3). Because Rader's argument that the R&R is a binding order is without merit, this objection is overruled.

Second, Rader argues that the R&R erred in determining the amount in controversy. Rader cites to no specific findings he claims are erroneous. When a party does not cite any reason why the R&R is incorrect, nor any basis for the Court to reach a different outcome, the Court is not required to conduct a *de novo* review of the Magistrate Judge's recommendations. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (requiring *de novo* review only for the portions of the R&R to which objections are made). Because Rader does not object to any of the actual findings of the R&R, the Court reviews the R&R for clear error. *Reed v. Curry Concrete Constr., Inc.*, No. 10-CV-4329 (JRT/LIB), 2011 WL 2015217, at *2 (D. Minn. May 23, 2011) (collecting cases); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). The Court finds Judge Leung's reasoning sound and finds no legal basis to depart from his recommendations.

Finding no clear error, and based upon all the files, records, and proceedings in the above-captioned matter,

IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [ECF No. 102] is ACCEPTED;

2. Plaintiff's objection to the Report and Recommendation [ECF No. 110] is OVERRULED;

3. This action is DISMISSED for lack of subject-matter jurisdiction;

4. Plaintiff's other pending motions [ECF Nos. 6, 25, 55, 88] are DENIED AS MOOT; and

5. Defendant's pending motions [ECF Nos. 81, 103] are DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 27, 2020

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge